UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ANDREW SCHOENBERGER,
CICADA 3301 METAVERSE, L.L.C.
a Utah domestic limited liability company,
and THOMAS ANDREW SCHOENBERGER
doing business as CICADA 3301 TOKEN,
CICADA 3301 PORTALS, and SOPHIA MUSIK,

     Plaintiffs,

vs.                  Case No. 2:25-cv-12937-TGB-KGA

LISA ANNE DERRICK and
PAULA SUE DAVIS,

     Defendants.

_____/

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE
12(b)(2) AND (6)**

## I. Conclusory allegations of a conspiracy are insufficient to establish personal jurisdiction over an out-of-state defendant

Plaintiff Schoenberger does not dispute that he is a resident of Utah and a former resident of California. Defendant Derrick is a resident of California and Defendant Davis is a resident of Indiana. Neither Davis nor Derrick *purposely directed* any of their activities to the State of Michigan. Given that Schoenberger has never been a resident of the State of Michigan, it cannot be argued that he "felt the brunt of the harm in the forum state [Michigan], such that the forum state was the focal point of the tortious activity", nor can he say that the Defendants "aimed the tortious conduct at the forum [Michigan], such that the forum state was the focal point of the tortious activity." Toytrackerz, LLC v Amer. Plastic Equip., Inc., 615 F. Supp. 2d 1249, 1253 (D. Kan. 2009) (footnote omitted).

Plaintiffs also make nebulous allegations of a "conspiracy" between the Defendants and Prof. Dilley and a Robert Sauerwald. The claims are conclusory (and plainly based on hearsay). For example, Plaintiffs claim that the Defendants solicited and recruited others, including Sauerwald, who had social media channels and they "agreed to work together to generate injurious communications" and they promised to "pay significant compensation" to them in return for their assistance. PAGE ID 280. The basis for these assertions is not based on first-hand information nor any

1

admissible evidence. The closest Plaintiffs come to making a specific, non-conclusory allegation in support of their conspiracy theory, is the claim that some unspecified person on a livestream hosted by Davis said, "Tommy Boy, stop being stupid." PAGE ID 280.

Plaintiffs have the burden of establishing personal jurisdiction. Theunissen v Matthews, 935 F.2d. 1454, 1458 (6th Cir. 1991). Plaintiffs must establish "that (1) the defendant purposely availed himself of the privilege of acting in the forum or intentionally caused a consequence in the forum; (2) the cause of action arose from defendant's activity in the forum; and (3) the acts of the defendant are consequences caused by the defendant having a substantial enough connection with the forum to make the exercise of jurisdiction reasonable." Amer. Copper & Brass, Inc. v Mueller Europe Ltd, 452 F. Supp. 2d. 821, 827 (W.D. Tenn. 2006) (citations omitted). Of these criteria, the Sixth Circuit has noted that "purposeful availment" is the most important. Kerry Steel, Inc. v Paragon Indust., Inc., 106 F.3d. 147, 150 (6th Cir. 1997). The purposeful availment prong is significant because it "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to be sued." World-Wide Volkswagon Corp. v Woodson, 444 US 286, 297 (1980). It ensures that "a defendant will not be haled into a

2

jurisdiction solely as a result of 'random', 'fortuitous', or 'attenuated' contacts".  Burger King Corp. v Rudzewicz, 471 US 462, 475 (1985).

Personal jurisdiction cannot be based on social media or internet posts, which plainly could be viewed anywhere in the world.  In rejecting such a broad view of personal jurisdiction, the Sixth Circuit in Blessing v Chandrasekhar, 988 F.3d, 889 (6th Cir. 2021) stated:

> "The Plaintiffs do not point to a single case in which a court extended personal jurisdiction based on a Defendant's allegedly tortious postings on social media. [footnote omitted].  The Sixth Circuit cases on which Plaintiffs rely all involve out-of-state defendants who had sent numerous tortious communications directly to Plaintiffs in the forum state, and every case involved a pre-existing business relationships."

988 F.3d. at 905 (citation omitted).

Plaintiffs' conspiracy theory of personal jurisdiction cannot save them. The Court in American Copper & Brass, supra, quoting from an earlier opinion, made the following apt observation:

> "The cases are unanimous that a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough.  Otherwise, plaintiffs could drag defendants to remote forums for protracted proceedings even though there were grave reasons for questioning whether the defendant was actually suable in those forums."

452 F. Supp. 2d. at 831 (citation omitted).

3

In the present case, the Plaintiffs' conspiracy allegations are conclusory and, by their very context, based on hearsay. Simply claiming a "conspiracy" cannot be used to bypass due process analysis required by the Constitution. Personal jurisdiction, "even if based on conspiracy, requires purposeful availment." See Youming Jin v Ministry of State Sec., 335 F. Supp. 2d. 72, 80 (D.D.C. 2004) (footnote omitted).  It has been observed that "to allow jurisdiction absent [such] a showing" that a co-conspirator's minimum contacts were in furtherance of the conspiracy "would be inconsistent with the purposeful availment requirement." Fire & Police Pension Assoc. of Col. v Bank of Montreal, 368 F. Supp. 3d. 681, 700 (S.D. NY 2019) (quoting earlier opinion).  The 3-prong conspiracy test "serves the purposeful availment requirement, rather than supplants it." P.L. Dev., LLC v Gerber Prod. Co., 715 F. Supp. 3d. 435 (E.D. NY 2025) (quoting earlier opinion).

Even if one assumes, *arguendo*, that Defendants had telephone calls and/or emails with Michigan residents regarding the Utah-based Plaintiffs in furtherance of some scheme to harm them, this would not be enough. Such limited contact would be too random and fortuitous to establish purposeful availment.  See Burger King, supra, 471 U.S. at 475.  In Kerry Steel, supra, the Sixth Circuit held that "telephone calls and letters on which the

4

Plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random', 'fortuitous' and 'attenuated' contacts that the Burger King Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." 106 F.3d. at 1051 (quoting earlier opinion). See, also, Scullin Steel Co. v Nat'l Ry. Utilization Corp., 676 F.3d. 309, 314 (8th Cir.1982)("The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process.").

It makes little sense that the Defendants, in California and Indiana, would have purposely availed themselves of the laws and protections of the State of Michigan to harm the Utah Plaintiffs. Even if one accepted Plaintiffs' far-fetched and conclusory conspiracy allegations, the "purposeful availment" requirement of the due process clause cannot be met here.

## II. The judicial proceeding privilege bars Plaintiffs' claims

While the Court may not need not reach this issue, the judicial proceedings privilege bars Plaintiffs' claims. The "relationships among the parties" can be of "significance in evaluating their ties to the forum", where there is a challenge to personal jurisdiction. Amer. Copper & Brass, supra, 452 F. Supp. 2d. at 827. The Affidavits filed by Derrick and Davis in the

Wayne County case were intended to provide a full disclosure of the relationships with Schoenberger. The sexual assault allegations made by Derrick were a key component of her relationship with Schoenberger for several years, since she mentioned it during an interview with Arturo Tafoya in 2020, which resulted in ongoing internet hostilities between them. This ongoing dispute had nothing to do with Michigan, but it was certainly something appropriate for Derrick's Affidavit in the interests of making a comprehensive disclosure her relationship with Schoenberger.

The privilege is intended to be construed broadly so that "participants in judicial proceedings" are "free to express themselves without fear of retaliation." Couch v Schultz, 193 Mich App 292, 295 (1992).  Derrick was not required to second-guess herself regarding the relevance of disclosing this longstanding dispute with Schoenberger regarding sexual assault when making her Affidavit for the Wayne County Circuit Court. This second-guessing is exactly what the privilege was designed to avoid.

The cases cited by Plaintiffs do not support their position on the privilege issue.  In Sanders v Leeson Air Cond. Corp., 362 Mich 692 (1961), the Court noted that the privilege was to be liberally construed in order that parties to litigation could freely express themselves, without fear of retaliation.  362 Mich at 695.  The Court also noted that there was a

6

presumption in favor of relevancy of statements made in court proceedings.
Id. In Hartung v Shaw, 130 Mich 177 (1902), the Court indicated that it was refraining "from expressing any opinion" on the question of whether pleadings are absolutely privileged. 130 Mich at 180-181. The only other case cited by the Plaintiffs is Lawrence v Burdi, 314 Mich App 203 (2016), which involved implications made in discovery documents falsely attributing drug convictions to a nonparty/non-witness's employer. 314 Mich App at 218 -220. The Lawrence case is plainly distinguishable from the present case.

## CONCLUSION

This action should be dismissed for lack of personal jurisdiction over the Defendants. Alternatively, if the Court finds that personal jurisdiction exists, the case should be dismissed for failure to state a claim due to the judicial proceedings privilege.

Respectfully submitted,

/s/Michael S. Cafferty
MICHAEL S. CAFFERTY
Michael S. Cafferty & Assoc., P.C.
Attorney for Defendants
333 West Fort Street Ste 1400
Detroit, MI 48226
(313) 964-3070
mcaffe@aol.com
P36613

DATED: March 30, 2026

7